## Kargher v. Silver

*Joseph D. Shein,* for plaintiff.

SLOANE, J., June 10, 1972.—This is an equity proceeding by a wife against two escrow holders of a sum representing the full interest on a principal sum of $31,086, the proceeds of a sale of a home in Bala Cynwyd, by the entireties, which, according to the allegation in plaintiff's complaint in equity (paragraph 3) was to be "paid over to wife as her sole and exclusive property . . . ," all as provided in a written agreement attached to the complaint in equity dated September 13, 1963. The sum was placed in the Continental Bank in September 1963, and the amount of accumulated interest is $7,314.

The defense is twofold: (1) Plaintiff-wife showed bad faith since she deliberately refused to "enter into final agreements establishing their respective rights" (Paragraph 6 of the agreement, between plaintiff and her husband, dated September 13, 1963) despite con-

trary advice and the judgment of her three successive attorneys; (2) the escrow fund and accumulated interest be divided equally between husband and wife and the escrow fund thus be terminated and made a finality, as provided in paragraph 5 of the letter agreement, dated July 16, 1963, from Lester H. Novack, then plaintiff's attorney, to Leonard R. Silver, Esq., attorney for plaintiff's husband, Irvin Kargher.

Upon equity trial and consideration of all proferred proof, I now state as above and find as follows:

1. (a) More than eight years have gone by since the written agreements between plaintiff and her husband of July 16, 1963, and September 13, 1963, without the accomplishment of the contemplated settlement of the respective property rights of wife and husband.

(b) Plaintiff was not reasonably diligent in her effort to "enter into final agreements establishing their respective property rights" (plaintiff and her husband, Irvin M. Kargher).

(c) Plaintiff under her partly self-made circumstances of delay is not entitled to the interest on the escrow fund as "her sole and exclusive property."

2. (a) Plaintiff-wife and her husband own the fund and its accumulation of interest and each is entitled to one-half thereof.

(b) The equitable thing to do is to divide the full fund now.

Accordingly, I now enter the following

## DECREE NISI

1. Not later than 30 days hereof, defendants, as escrowees of the escrow fund, shall distribute the whole escrow fund, principal and interest as follows:

(a) Pay to plaintiff a full one-half thereof (principal and interest) and

(b) Pay to plaintiff's husband, Irvin M. Kargher, a full one-half therof (principal and interest).

2. (a) Plaintiff shall bear her costs.

(b) Defendants' costs, if any, shall be paid by plaintiff and her husband equally.